IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

    Plaintiff,

  vs.

$29,655.00 UNITED STATES
CURRENCY,

    Defendant.

Civil No. 8:20CV _19_

**COMPLAINT FOR FORFEITURE *IN REM***

The United States of America, for its cause of action against the Defendant property,

pursuant to Rule G(2) of the Supplemental Rules for Admiralty and Maritime Claims and Asset

Forfeiture Actions, states and alleges as follows:

### Nature of the Action

1.  This is an action to forfeit property to the United States for violations of 21 U.S.C. § 881.

### The Defendant *in rem*

2.  Law enforcement seized $29,655.00 U.S. currency from Robert Symmonds on June 19,

2019, during a consent search of Symmonds' residence located at **[redacted]** Maple St.

**[redacted]**, Omaha, NE 68104.

3.  The U.S. Marshals Service currently has custody of the Defendant property.

### Jurisdiction and Venue

4.  This Court has subject matter jurisdiction for an action commenced by the United States

pursuant to 28 U.S.C. § 1345, and for an action for forfeiture pursuant to 28 U.S.C.

§ 1355(a). This Court also has jurisdiction over this particular action pursuant to 21 U.S.C.

§ 881.

5.      This Court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C.

        § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this

        district.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or

        omissions giving rise to the forfeiture occurred in this district.

### Basis for the Forfeiture

7.      The Defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because

        it constitutes 1) money, negotiable instruments, securities and other things of value

        furnished or intended to be furnished in exchange for a controlled substance in violation

        of the Controlled Substances Act, 2) proceeds traceable to such an exchange, or 3)

        money, negotiable instruments and securities used and intended to be used to facilitate a

        violation of the Controlled Substances Act.

### Facts

8.      On June 19, 2019, at approximately 8:57 p.m. (2057 hours) Officer James Holtmeyer was

        following a white Subaru Outback, driving northbound on 69th Street.

9.      As he followed the white Subaru Outback, Officer Holtmeyer saw that the driver side

        window of the white Subaru Outback was open.

10.     Officer Holtmeyer could smell the strong odor of marijuana, which appeared to be

        coming from the white Subaru Outback.

11.     Officer Holtmeyer saw the white Subaru Outback, flash a right turn signal approximately

        only one car length before turning right onto eastbound Underwood Avenue.

12.   The white Subaru Outback did not signal 100 feet before executing a right turn onto eastbound Underwood Avenue.

13.   Officer Nick Molek and Officer Bobbi Mallette stopped the white Subaru Outback for the traffic offense.

14.   The Subaru had one occupant, the driver, Robert Symmonds.

15.   The Officers smelled a strong odor of marijuana coming from inside the Subaru.

16.   Officer Holtmeyer arrived at the stop and talked to Symmonds.

17.   Officer Holtmeyer verbally told Symmonds of his Constitutional (Miranda) rights.

18.   Symmonds said that he understood his rights and agreed to speak to Officer Holtmeyer.

19.   Symmonds said that he had just smoked a marijuana cigarette.

20.   Symmonds admitted to dealing marijuana.

21.   Symmonds also admitted to dealing THC cartridges.

22.   Symmonds said he sold marijuana and THC cartridges from his apartment at [redacted] Maple Street, [redacted].

23.   Symmonds said he had approximately one - two pounds of marijuana inside a safe in his bedroom at his apartment on Maple Street.

24.   Symmonds also said he had a Glock 19 handgun in his bedroom nightstand at his apartment.

25.   Symmonds consented to a search of his apartment.

26.   Symmonds signed a consent to search form, attached hereto as **Exhibit 1**[redacted].

27.   Symmonds admitted to selling marijuana for approximately three years.

28.   Symmonds said he sold approximately ¼ to ½ pound of marijuana each week.

3

29.    Symmonds said he would buy approximately four to five pounds of marijuana and paid approximately \$2,000 for each pound.

30.    Symmonds also said he had approximately \$29,000 in cash in the safe in his bedroom.

31.    Symmonds admitted that the approximate \$29,000 in cash in the safe in his bedroom was entirely proceeds from his sales of marijuana and THC products.

32.    Law enforcement officers searched Symmonds' apartment located at **[redacted]** Maple Street, **[redacted]**.

33.    Law enforcement officers found the following property in Symmonds' apartment:

     a.    A total of approximately seven (7) pounds (including packaging) marijuana (which were in separately packaged containers);

     b.    THC cartridges;

     c.    THC wax;

     d.    THC gummies in a Ziploc baggie;

     e.    Approximately 195 THC infused candy bars;

     f.    A loaded Glock 19 9mm handgun;

     g.    A magazine with 15 9mm rounds;

     h.    Psilocybin mushrooms;

     i.    A digital scale;

     j.    Two rolls vacuum bags and one roll parchment;

     k.    A box of Ziploc bags;

     l.    Foodsaver vacuum seal device; and,

     m.    \$29,655 U.S. currency.

4

34. Symmonds gave Officer Holtmeyer permission to copy the cell phone data on his

iPhone Max X and singed a permission form for the search. *See* Exhibit 1.

35. Later analysis of Symmonds' chat logs showed numerous communications regarding

sales of marijuana and other edibles, including the following:

      a.    **June 10, 2019**
Barb Adams (402-208-6706):  can't decide on what to get.  It all sounds yummy; lol.  Are they comparable to gummy?  Perry is gonna text you in a bit.
Robert Symmonds:  I think they are just as good if not better I've had nothing but positive feedback about them.

      b.    **June 12, 2019**
Rachel Adams (402-661-9256):  yo, do you mind if I grab some green from you tomorrow?
Robert Symmonds:  yea, that's chill, I'm off tomorrow.
Rachel Adams:  ok.  How much you charge for an ounce?
Robert Symmonds:  I have been doing $200 with the recent drought in effect.
Rachel Adams:  how much you do half for?
Robert Symmonds:  I'll just do $100

      c.    **June 16 2019**
Perry Adams (402-669-6351):  ok so far we could take 12 bars 3 of each kind will work.  No hurry when convenient for you, thanks.
Robert Symmonds (402-213-0683):  yea no problem at all.  I can come by tomorrow.

**Claim for Relief**

WHEREFORE the United States of America prays the Defendant property be proceeded

against for forfeiture in accordance with the laws, regulations, and rules of this Court; that due

notice be given to all interested parties to appear and show cause why forfeiture should not be

decreed; that the Defendant property be condemned, as forfeited, to the United States of America

and disposed of according to law and regulations; that the costs of this action be assessed against

the Defendant property; and for such other and further relief as this Court may deem just and equitable.

UNITED STATES OF AMERICA,
Plaintiff

JOSEPH P. KELLY
United States Attorney

By:     s/ Amy B. Blackburn
        Amy B. Blackburn (MO#48222)
        Assistant U.S. Attorney
        1620 Dodge Street, Suite 1400
        Omaha, NE  68102-1506
        (402) 661-3700
        E-mail:  amy.blackburn@usdoj.gov

6

**VERIFICATION**

I, Special Agent Jeffrey Hunter hereby verify and declare under penalty of perjury that I am a Special Agent with the U.S. Drug Enforcement Administration, that I have read the foregoing Complaint *in rem* and know the contents thereof, and that the factual matters contained in paragraphs 8 through 35 of the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the U.S. DEA.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated:  January 6, 2020

Jeffrey Hunter
Special Agent
U.S. DEA

7

# OMAHA POLICE DEPARTMENT

## Permission For Search

Date: 6/19/19

I, Robert Symmonds / Dylen Richards in control of the property at
8/8/92

Printed Name of Consenting Person

6106 Mcple St #C do hereby voluntarily authorize
Address/City/State/Zip Code

HOLTMEYER, J 2021 and
Rank/Name/Serial No.                                    Rank/Name/Serial No.

or any officer of the OMAHA POLICE DEPARTMENT to search the residence, or other
real estate, located at 6106 Mcple St #C
Address/City/State/Zip Code

which is owned/rented by: Robert Symmonds / Dylen Richards
Name of Home Owner/Renter

and/or my motor vehicle(s) (Namely) My

|  |  | Color | Year | Make | Model | Body Style |

bearing license

| License Number | State | Year | presently parked at |

Address , AND I FURTHER UNDERSTAND that I have a

right to deny the officer(s) permission to search my property.

Signature of Consenting Person

----

## SUPPLEMENTARY REPORT SECTION (Not Available for Public Release)

Property Seized ☒ Yes ☐ No
Property Report Made ☒ Yes ☐ No
Other Reports Made _____

Time of Police Entry 2200
Time of Police Exit 0002

Other Officers Present #2021

Signature/Serial No.                                    Signature/Serial No.

Summary Recovered several pounds of marijuana and multiple
THC Edibles & THC certridges, cash, & a firearm.

| Supervisor's Signature | Serial No. | Date |
| Lieutenant's Signature | Serial No. | Date |
| Captain's Signature | Serial No. | Date |

Distribution:        White ---RB File        Canary -- Unit Copy        Pink -- Subject's Copy

GOVERNMENT EXHIBIT
1



# OMAHA POLICE DEPARTMENT

## PERMISSION TO SEARCH DIGITAL MEDIA DEVICE



RB No. _AL 65649_

I, _Robert Symmonds_, voluntarily authorize _James Hoffmeyer #2021_ or any other employee of the OMAHA POLICE DEPARTMENT or its designees to search all digital devices including but not limited to cell phones, computers, electronic or data storage devices and/or retrieval systems, digital mediums or any related peripherals described below.

| Device | Make | Model | SN/Phone Number | Password/PIN |
|--------|------|-------|-----------------|--------------|
|  | _Apple_ | _Iphone Max X_ | _402-213-0683_ | _347574_ |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

A search of other digital devices: _____

located at: _6106 Maple St #C_, which I own, possess and/or control, for any evidence of a crime or violation of the law, is also permitted. Additional passwords, logins, PINS and/or specific directions for accessing the devices are as follows:

_____

_____

I hereby knowingly, intelligently and voluntarily give permission for this search freely and voluntarily, and not as the result of threats or promises of any kind.

I authorize officers to collect any evidence discovered during this search, together with the medium in/on which it is stored, as well as any associated data, hardware, software and computer peripherals, and I also authorize the use of the digital device(s) to access search and image data stored in the "cloud" (i.e., stored on remote servers rather than on the device itself) which is accessible via the digital device(s). I understand duplicate images of the digital media may be created so the device(s) can be returned to me.

Ⓧ _____
Signature of Person Giving Consent            Date/Time

_____                    _6/19/19   2305_
Signature of Officer/Witness                  Date/Time

OPD Form 5B (05-2017)