# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>$29,655.00 UNITED STATES CURRENCY,<br><br>Defendant. | 8:20CV19<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff United States' Motion for Clerk's Entry of Default, ECF No. 13, and Claimant Robert J. Symmonds's Motion for Leave to File Claim Out of Time, ECF No. 14. For the following reasons, the United States' Motion will be granted, and Symmonds's Motion will be denied.

## BACKGROUND

On January 14, 2020, Plaintiff filed a Complaint for Forfeiture *In Rem*, ECF No. 1, alleging that the property was forfeitable to the United States pursuant to 21 U.S.C. § 881. A Warrant *In Rem* was issued on January 14, 2020. ECF No. 4. On January 15, 2020, pursuant to Rule G(4)(a)(iii)(B) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (hereinafter "Supplemental Rules"), Plaintiff published notice of the forfeiture on the official internet government forfeiture site. ECF No. 12.

Pursuant to Supplemental Rule G(4)(b), Plaintiff served Symmonds notice via first-class mail to his home address and his attorney's address. ECF No. 2. The certified mail to Symmonds's home address was delivered and signed for on January 22, 2020. Symmonds filed his Answer to the Complaint on January 22, 2020. ECF No. 7.

On March 19, 2020, Plaintiff filed a Motion for Clerk's Entry of Default, ECF No. 13, and Symmonds filed a Motion for Leave to File Out of Time, ECF No. 14.

## DISCUSSION

The Eighth Circuit has "repeatedly held that district courts may require claimants in forfeiture proceedings to comply strictly with [the Supplemental Rules] in presenting their claims to the court." *United States v. Three Parcels of Real Prop.*, 43 F.3d 388, 391 (8th Cir. 1994), *abrogated on other grounds by United States v. $579,475.00 in U.S. Currency*, 917 F.3d 1047 (8th Cir. 2019) (en banc).

Under the Supplemental Rules, "[a] person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending." Supplemental Rule G(5)(a)(i). The deadline to file a claim is contained in the direct notice given to the potential claimant, but must be no less than 35 days after the notice is sent. Supplemental Rule G(4)(b)(ii)(B). The claimant has 21 days to file an answer after filing the claim. Supplemental Rule G(5)(b).

Filing a verified claim is not a mere technicality as it serves a different purpose than filing an answer—the claim identifies the claimant's ownership interest under oath, deterring false filings, whereas the answer contains only denials and affirmative defenses. *United States v. 2001 Volkswagen Beetle*, No. 1:07cv0300 OWW GSA, 2009 WL 744169 (E.D. Cal. Mar. 18, 2009), *adopting* 2008 WL 5120737 (E.D. Cal. Dec. 5, 2008) (recommendation of Austin, M.J.). Furthermore, the strict compliance required under the rules does not permit a claim filed with a federal agency to satisfy the requirements of Supplemental Rule G(5). *United States v. $142,256 in U.S. Currency*, No. 2:12-CV-2042 JCM (PAL), 2014 WL 547879 (D. Nev. Feb. 11, 2014). Here, although Symmonds has

filed an Answer, ECF No. 7, the deadline to file a claim with this Court, as stated in the notice, was February 18, 2020—35 days after January 14, 2020. ECF No. 2. Therefore, Symmonds's Motion for Leave to File a Claim Out of Time, ECF No. 14, is denied.

Without filing a verified claim in this Court, Symmonds does not have standing to file an answer. *See United States v. Real Prop. & Premises Known as 323 Forrest Park Dr.*, 521 F. App'x 379, 384 (6th Cir. 2013); *United States v. 27 Assorted Firearms*, No. SA-05-CA-407-XR, 2005 WL 2645010, at *4 (W.D. Tex. Oct. 13, 2005). Symmonds has failed to properly "plead or otherwise defend" in this action. Fed. R. Civ. P. 55. Additionally, as to any unknown potential claimant, Plaintiff has published notice of the forfeiture on the official internet government forfeiture site for more than 60 days. Therefore, the Clerk shall enter default as to Symmonds and any other potential claimant.

Accordingly,

IT IS ORDERED:

1. Symmonds's Motion for Leave to File a Claim Out of Time, ECF No. 14, is denied;

2. Pursuant to the United States' Motion for Clerk's Entry of Default, ECF No. 13, the Clerk of Court shall enter default as to Symmonds and any other potential claimant in this action.

Dated this 23rd day of March, 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge